**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| PAUL J. SALESI,<br>Plaintiff | : | CA 05 081 ML |
| | : | C.A. NO.: |
| vs. | : | |
| | : | |
| UNITED STATES OF AMERICA,<br>Defendant | : | JURY TRIAL DEMANDED |

## VERIFIED COMPLAINT

### I. NATURE OF THE ACTION

In this civil action, the Plaintiff, Paul J. Salesi, claims damages from the Defendant, the United States of America, pursuant to federal law and the Federal Tort Claims Act, as amended (28 U.S.C. §2671, *et seq.*). The jurisdiction of this Court is invoked to provide damages for personal injuries caused by the negligent and wrongful acts and omissions of federal employees while acting within the scope of their employment, under circumstances where the Defendant, if a private person, would be liable to Plaintiff in accordance with the law of the State of Rhode Island.

### II. PARTIES, JURISDICTION AND VENUE

1. The Plaintiff, Paul J. Salesi, is a citizen of the United States and resides at 417 Bristol Ferry Road in the Town of Portsmouth, County of Newport, and State of Rhode Island.

2. The Defendant, the United States of America, is, and, at all times relevant hereto, was the employer of the Plaintiff, at its place of business located at the Fleet and Family Support Center, Naval Station Newport, Newport, Rhode Island.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1346(b).

4. The Plaintiff presented his claim to the appropriate officials in the United States Navy ("Navy") more than six months ago and has not received a final disposition, and therefore, considers it denied pursuant to 28 U.S.C. § 2675(a).

## III. FACTUAL ALLEGATIONS

5. Plaintiff began his employment with the Defendant in a civil service capacity in or about November 1997 as a staff member at the Fleet and Family Support Center, Naval Station Newport, Newport, Rhode Island ("FFSC").

6. At all times relevant hereto, until her removal from FFSC on or about July 24, 2003, Mary K. Silvia ("Silvia") was the Director of the Fleet and Family Support Center.

7. At all times relevant hereto, Mary A. Corriveau ("Corriveau") was Plaintiff's immediate supervisor, and reported directly to Silvia.

8. At all times relevant hereto, Plaintiff's job performance was more than satisfactory.

9. In her capacity as Director of FFSC, Silvia regularly and persistently engaged in offensive, abusive, intimidating, malicious, bullying, and insulting behaviors, creating a hostile work environment at FFSC.

10. In her supervisory and managerial capacities at FFSC, Corriveau regularly and persistently engaged in offensive, abusive, intimidating, malicious, bullying, and insulting behaviors, creating a hostile work environment at FFSC.

11. Plaintiff has suffered and continues to suffer great mental and emotional stress as a result of the hostile work environment at FFSC.

12. In or about May 2002, Plaintiff contacted Captain Ruth A. Cooper, Commanding Officer, Naval Station Newport, and requested reassignment to another job position within the Naval Station Complex due to the great mental and emotional stress he was experiencing as a result of the hostile work environment at FFSC.

13. Plaintiff was not transferred from FFSC to another job position within the Naval Station Complex, as requested.

14. In accordance with administrative protocol, Plaintiff, on various occasions, provided Silvia and/or Corriveau with confidential healthcare information from his physician concerning the status of his health.

15. Upon information and belief, Silvia released unnecessarily and without Plaintiff's authorization, Plaintiff's confidential healthcare information to other employees at FFSC.

16. Upon information and belief, the Commander, Navy Region Northeast Office of the Inspector General ("Inspector General"), on or about May 9, 2003, received a walk-in hotline complaint concerning mismanagement and improprieties by Silvia at FFSC.

17. Upon information and belief, the Inspector General conducted an investigation of the complaints against Silvia at FFSC following the walk-in hotline complaint received on or about May 9, 2003 ("Investigation").

18. Upon information and belief, the Inspector General, as a result of its Investigation, concluded, *inter alia,* that Silvia treated subordinates in an abusive and hostile manner creating a hostile work environment at FFSC, and that these were repeat allegations previously investigated and substantiated by the Defendant in 1994 concerning the same subject.

## IV. CAUSES OF ACTION

### Count I
### Negligent Hiring/Supervision/Retention

19. Plaintiff realleges paragraphs 1 through 18 and incorporates the same herein by reference.

20. Prior to hiring Silvia as the Director at FFSC, the Defendant had the duty and obligation to conduct a reasonable inquiry into the past work performance of Silvia, including without limitation, any history of wrongful and unlawful behaviors.

21. At all times material herein, the Defendant knew, or reasonably should have known, that Silvia and Corriveau were engaging in wrongful and unlawful behaviors described herein above.

22. At all times material herein, the Defendant knew, or reasonably should have known, that the conduct, acts, and failure to act of the Defendant, and its agents and employees, violated Plaintiff's rights under the law.

23. At all times material herein, the Defendant knew, or reasonably should have known, that the incidents, conduct, acts, and failures to act described herein above, would and did proximately result in emotional distress to Plaintiff, including without limitation, loss of sleep, loss of work, anxiety, tension, depression, and humiliation.

24. At all times material herein, the Defendant had the power, ability, authority, and duty to so intervene, supervise, prohibit, control, regulate, discipline, and/or penalize the conduct of Silvia and Corriveau.

25. Despite said knowledge, power, and duty, the Defendant negligently failed to act so as to prevent, supervise, prohibit, control, regulate, discipline, and/or penalize such conduct, acts, and failures to act, or to otherwise protect Plaintiff.

26. As a direct and proximate result of the failure of the Defendant to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act of its supervisors, agents, or employees as alleged herein above, said conduct, acts, and failures to act were perceived by them as, and in fact had the effect of, ratifying, encouraging, condoning, exacerbating, increasing, and/or worsening said conduct, acts, and failure to act.

27. As a direct and proximate result of the Defendants actions, Plaintiff has suffered and will continue to suffer extreme and severe mental anguish and emotional distress; he has incurred and may continue to incur medical expenses for treatment by health professionals, and for other incidental expenses. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

WHEREFORE, Plaintiff requests that this Honorable Court order judgment against Defendant, including costs of this action, and such other legal and equitable relief as this Court deems just and proper.

<u>Count II</u>
<u>Intentional Infliction of Emotional Distress</u>

28. Plaintiff realleges paragraphs 1 through 27 and incorporates the same herein by reference.

29. Defendant engaged in extreme and outrageous conduct in that the Defendant, through its agents and employees, regularly and persistently engaged in offensive, abusive, intimidating, malicious, bullying, and insulting behaviors, creating a hostile work environment at FFSC, and, through agents and employees, abused its special position as Plaintiff's superiors, which vested them with substantial power to control his work environment and damage his interests and well-being, all to Plaintiff's detriment.

30. Through the conduct described above, agents and employees of Defendant acted with the intent to cause, or the reckless disregard for the probability of causing Plaintiff to suffer severe emotional distress.

31. Defendant, through its agents and employees confirmed and ratified the conduct described herein with knowledge that Plaintiff's distress would increase, and did so with wanton and reckless disregard of the consequences to Plaintiff.

32. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress; Plaintiff has incurred and will continue to incur medical expenses for treatment by health professionals, and for other incidental expenses. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

WHEREFORE, Plaintiff requests that this Honorable Court order judgment against Defendant, including costs of this action, and such other legal and equitable relief as this Court deems just and proper.

Count III
Negligent Infliction of Emotional Distress

33. Plaintiff realleges paragraphs 1 through 32 and incorporates the same herein by reference.

34. Defendant engaged in negligent conduct in that the Defendant, through its agents and employees, regularly and persistently engaged in offensive, abusive, intimidating, malicious, bullying, and insulting behaviors, creating a hostile work environment at FFSC, and, through agents and employees, abused its special position as Plaintiff's superiors, which vested them with substantial power to control his work environment and damage his interests and well-being, all to Plaintiff's detriment.

35. Through the conduct described above, agents and employees of Defendant acted with the intent to cause, or the reckless disregard for the probability of causing Plaintiff to suffer severe emotional distress.

36. Defendant, through its agents and employees, confirmed and ratified the conduct described herein with knowledge that Plaintiff's distress would increase, and did so with negligent disregard of the consequences to Plaintiff.

37. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress; Plaintiff has incurred and will continue to incur medical expenses for treatment by health professionals, and for other incidental expenses. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

WHEREFORE, Plaintiff requests that this Honorable Court order judgment against Defendant, including costs of this action, and such other legal and equitable relief as this Court deems just and proper.

Count IV
Violations of Rhode Island Fair Employment Practices Act

38. Plaintiff realleges paragraphs 1 through 37 and incorporates the same herein by reference.

39. At all relevant times hereto, Defendant had four (4) or more employees.

40. Defendant, through its agents and employees, failed to transfer the Plaintiff, upon his reasonable request, to another job position within the Naval Station Complex because of the great mental and emotional stress that they he was experiencing as a result of the hostile work environment at FFSC, which is a violation of the Rhode Island Fair Employment Practices Act (FEPA) (R.I. Gen. Laws § 28-5-7(l)(iv)(v).

41. Defendant, through its agents and employees, discriminated against Plaintiff because he opposed the abusive and hostile behaviors of Silvia and Corriveau, and requested a job transfer from the FFSC as a result thereof, and assisted in the Investigation by the Inspector General, which is a violation of the Rhode Island Fair Employment Practices Act (FEPA) (R.I. Gen. Laws § 28-5-7(5).

42. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress; Plaintiff has incurred and will continue to incur medical expenses for treatment by health professionals, and for other incidental expenses, and such further and other relief as this Court

may deem meet and just. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

WHEREFORE, Plaintiff requests that this Honorable Court order judgment against Defendant, including costs of this action, and such other legal and equitable relief as this Court deems just and proper.

## Count V
## Violation of Confidentiality of Health Care Information Act

43. Plaintiff realleges paragraphs 1 through 42 and incorporates the same herein by reference.

44. Defendant, through its agents and employees, in violation of Rhode Island General Laws § 5-37.3-1, *et seq.,* released Plaintiff's confidential health care information to other of Defendant's agents and employees, without Plaintiff's written authorization.

45. The confidential health care information that was released to other of Defendant's agents and employees contained information from which Plaintiff was readily identified.

46. The agents and employees of the Defendant's to whom Plaintiff's confidential health care information was released did not have a "need to know" this information.

47. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered and will continue to suffer extreme and severe mental anguish and emotional distress; he has incurred and may continue to incur medical expenses for treatment by health professionals, and for other incidental expenses. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

WHEREFORE, Plaintiff requests that this Honorable Court order judgment against Defendant, including costs of this action, and such other legal and equitable relief as this Court deems just and proper.

Count VI
Infringement of Right to Privacy

48. Plaintiff realleges paragraphs 1 through 47 and incorporates the same herein by reference.

49. Defendant, through its agents and employees, in violation of Rhode Island General Laws § 9-1-28.1, *et seq.* has revealed and discussed the content of Plaintiff's confidential healthcare information with other of Defendant's agents and employees.

50. The confidential healthcare information that was released contained information that was entitled to be private or would be expected to be private.

51. The release of confidential health care information by agents and employees of Defendant violated the right that Plaintiff has to be secure from unreasonable publicity given to one's private life.

52. The release of Plaintiff's confidential healthcare information is objectionable and offensive.

53. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered and will continue to suffer extreme and severe mental anguish and emotional distress; he has incurred and may continue to incur medical expenses for treatment by health professionals, and for other incidental expenses. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

WHEREFORE, Plaintiff requests that this Honorable Court order judgment against Defendant, including costs of this action, and such other legal and equitable relief as this Court deems just and proper.

Count VII
Violations of Rhode Island Whistleblower's Act

54. Plaintiff realleges paragraphs 1 through 53 and incorporates the same herein by reference.

55. Defendant, through its agents and employees, discriminated against Plaintiff with regard to his terms and conditions of employment in violation of the Rhode Island Whistleblower's Act (R.I. Gen. Laws § 28-50-1, *et seq.*) because Plaintiff participated in the Investigation of the Inspector General concerning violations by Silvia of the laws, rules and regulations of the United States.

56. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered and will continue to suffer extreme and severe mental anguish and emotional distress; he has incurred and may continue to incur medical expenses for treatment by health professionals, and for other incidental expenses. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant plus interest and costs.

Respectfully submitted,

PAUL J. SALESI
By His Attorneys,

Dated: 22 FEB 05

Frank J. Flanagan, Esq., #4858
M. Elizabeth Stachura, Esq., #3640
SAYER REGAN THAYER & FLANAGAN
130 Bellevue Avenue, Unit 2
Newport, Rhode Island 02840
401-849-3040

VERIFICATION

I, the undersigned, on oath depose and state that I am the Plaintiff in this action, and having read the foregoing Verified Complaint do hereby swear to the truth of all the allegations contained therein, except as to those allegations which are stated to be upon information and belief, which allegations I believe to be true.

PAUL J. SALESI

Subscribed and sworn to before me at Newport, Rhode Island, this 22nd day of February 2005

Notary Public
Name: M. Elizabeth Stachura
My Commission Expires: 1/10/2009