UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PAUL SALESI,
Plaintiff

v. C.A. No. 05-081ML

UNITED STATES OF AMERICA,
Defendant

**DEFENDANT'S MOTION TO DISMISS**

Defendant, United States of America, moves to dismiss this action, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for the reasons set forth in the attached memorandum of law.

Respectfully Submitted,

ROBERT CLARK CORRENTE
United States Attorney

ROBIN E. FEDER, #3415
Assistant United States Attorney
Fleet Center
50 Kennedy Plaza, Eighth Floor
Providence, RI 02903
(401) 709-5000

**CERTIFICATION**

I hereby certify that on this 25th day of April, 2005, a true copy of the within was sent first-class, postage prepaid mail to Francis J. Flanagan, Esq. SAYER, REGAN THAYER & FLANAGAN, 130 Bellevue Avenue, Unit 2, Newport, RI 02840.

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PAUL SALESI,
Plaintiff

v. ) C.A. No. 05-081ML

UNITED STATES OF AMERICA,
Defendant

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant United States of America, in support of its motion to dismiss, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, asserts as follows:

**Summary of Argument**

This Honorable Court lacks subject matter jurisdiction under the Federal Tort Claims Act (FTCA) because plaintiff failed to file an administrative claim prior to filing this civil action.

**Argument**

It is well established that an action may not be maintained against the United States without its consent. United States v. Mitchell, 445 U.S. 535, 538 (1980); Dalehite v. United States, 346 U.S. 15, 30 (1953); Larson v. Domestic and Foreign Commerce Corp., 337 U.S. 682, 715 (1949). Absent a waiver of sovereign immunity, a court is without subject matter jurisdiction to proceed. United States v. Testan, 424 U.S. 392, 399 (1976); United States v. King, 395 U.S. 1, 4 (1969). Statutes which waive sovereign immunity must be strictly construed in favor of the United States. United States v. Sherwood, 312 U.S. 584, 590 (1941); United States v. Mitchell, 445 U.S. 535, 538 (1980); Ware v. United States, 626 F.2d 1278, 1286 (5th

Cir. 1980). The starting point for any analysis of jurisdiction in a lawsuit against the United States is the applicable statutory waiver of sovereign immunity. "[T]he terms of its waiver ... define the parameters of a federal court's subject matter jurisdiction to entertain suits brought against it." Id.

This Court has not acquired subject matter jurisdiction over this action under the Federal Torts Claims Act. Plaintiff has failed to file an administrative claim in accordance with 28 U.S.C. § 2675, which provides in pertinent part:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

Id.

Despite his allegation to the contrary, plaintiff, Paul Salesi, has never submitted an administrative claim to the Department of the Navy. See, Affidavit of Kyle A. Guess, dated March 28, 2005, attached hereto as Exhibit A.

As noted above, the filing of an administrative claim is a jurisdictional prerequisite to filing an action pursuant to the FTCA. Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003); Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002); Corte-Real v. United States, 949 F.2d 484, 485 (1st Cir. 1991). See also, Swift v. United States, 614 F.2d 812, 814 (1st Cir. 1980). A properly adjudicated administrative claim is a jurisdictional prerequisite which cannot be waived. United States v. Kubrick, 444 U.S. 111, 117-18 (1979). Moreover, jurisdiction must

exist at the time the complaint is filed. Keene v. United States, 508 U.S. 200, 208 (1993). An FTCA action may not be maintained when the claimant fails to exhaust his administrative remedies prior to filing suit. McNeil v. United States, 508 U.S. 106, 109 (1993).

When such a motion presents, as here, a factual challenge to the court's jurisdiction, it is the plaintiff's burden to establish, by competent proof, that jurisdiction in fact exists. Pejepscot Industrial Park, Inc. v. Maine Central Railroad Co., 215 F.3d 195, 200 (1st Cir. 2000); Murphy v. United States, 45 F.3d 520, 522 (1st Cir.1995); Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 50 (1st Cir. 1992).

Plaintiff has alleged that he presented a claim to the appropriate officials in the United States Navy more than six months prior to filing suit, and that he had not received a final disposition. Complaint, ¶ 4. However, "[n]o presumption of truthfulness attaches to the [plaintiff's] allegations [of jurisdiction]." Media Duplication Services, Ltd. v. HDG Software, Inc., 928 F.2d 1228, 1235 (1st Cir. 1991). Importantly, the existence of genuine issues of material fact will not preclude a court from granting the motion to dismiss, rather "the court must address the merits of the jurisdictional claim by resolving factual disputes ... " Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). In such circumstances, "[d]istrict courts have wide discretion to determine which procedures to employ in resolving the jurisdictional issue." Bank One, Texas, N.A. v. Montle, 964 F.2d at 51.[1] Based on the affidavit submitted by the Navy, defendant suggests that this case must be dismissed.

---

[1] There is an exception to this rule, but the First Circuit has found it inapplicable in the present circumstances. The exception permits a court to defer resolving the factual issues until trial "when the jurisdictional issues cannot be separated from the merits of the case." Gonzalez, 284 F.3d 281, 287 (1st Cir. 2002). Obviously, a determination that an administrative claim has not been filed is readily separable from the merits of the case.

## CONCLUSION

For the reasons set forth above, the United States' Motion to Dismiss the complaint should be granted.

Respectfully Submitted,

ROBERT CLARK CORRENTE
United States Attorney

ROBIN E. FEDER, #3415
Assistant United States Attorney
Fleet Center
50 Kennedy Plaza, Eighth Floor
Providence, RI 02903
(401) 709-5000

## CERTIFICATION

I hereby certify that on this 25th day of April, 2005, a true copy of the within was sent first-class, postage prepaid mail to Francis J. Flanagan, Esq. SAYER, REGAN THAYER & FLANAGAN, 130 Bellevue Avenue, Unit 2, Newport, RI 02840.

AFFIDAVIT

This day, in the City of Norfolk, Kyle A. Guess, personally appeared before me, Ana C. Dorsey, a Notary Public of and for the Commonwealth of Virginia and under penalty of perjury stated:

I, Kyle A. Guess, Attorney Advisor, Naval Legal Service Office, Mid-Atlantic, Norfolk, Virginia, do hereby swear and attest the following statement to be true and correct to the best of my knowledge:

1. The Naval Legal Service Office, Mid-Atlantic, Norfolk, Virginia, adjudicates the Federal Tort Claims Act claims related to incidents that occur in Rhode Island.

2. As of the date of this affidavit I have made a diligent search of the records of claims received by this Claims Office and did not locate a claim against the United States Navy in the name of Paul Salesi. There is no record of receiving a Standard Form 95 in the name of Paul Salesi.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing information is true and correct.

Kyle A. Guess
April 8, 2005

Subscribed and sworn to before me this 8th day of April 2005, in testimony whereof I have hereunto set my hand the day, month, and year aforesaid.

Notary Public

My commission expires NOV 30, 2008